712 So.2d 1201 (1998)
Debra L. GREENE, Appellant,
v.
Paul A. KELLY, Jr., Appellee.
No. 97-803.
District Court of Appeal of Florida, Fifth District.
June 19, 1998.
*1202 Robert L. Appleget, Jr., Ocala, for Appellant Debra L. Greene.
No Appearance for Appellee.
HARRIS, Judge.
Debra L. Greene appeals the trial court's order changing custody of the parties' thirteen-year-old daughter from the mother to the father. Ms. Greene contends that the court erred because the change was based solely on the child's preference. We affirm.
The general law, of course, is that once custody has been determined it will not be modified unless there are changed circumstances affecting the welfare of the child. This proposition must be considered in light of the overriding law that in all matters concerning child custody, the paramount issue is the welfare of the child.
In this case, the thirteen-year-old daughter was awarded to the mother at the time of the dissolution of marriage when the daughter was less than four years old. Obviously, at that time, she was too young to express a preference as between parents. Now, some ten years later, she has had the experience of living with her mother and is now old enough to express a preference based on that experience, and she requested the opportunity to do so in this action. The law recognizes a child's preference, if the child is of sufficient maturity, as a factor in the determination of custody. Is this preference, developed after the initial custody determination, sufficient change of circumstances to warrant a change of custody? The court in McDonough v. Murphy, 539 N.W.2d 313, 316 (N.D.1995), recognized that a child's preference is a consideration even in the determination of whether a change of circumstances has occurred:
Although a child's preference is not as important in determining whether there has been a significant change of circumstances as it is in determining the best interest of the child ... it is a factor that can be considered by the trial court for both steps of the analysis.
Therefore, the fact that the child is now able to realistically make a preference when she could not do so at the time of the original custody order is a change in circumstances. As the court stated in Rosson v. Rosson, 178 Cal.App.3d 1094, 224 Cal.Rptr. 250, 257 (1st Dist.1986):
To the extent the court decides consideration should be given to preferences of children as to custody, such preferences are entitled to greater consideration in a modification proceeding, as here, than would be appropriate in an initial custody determination. In the latter circumstance there will usually be considerable uncertainty as how a future arrangement will work out, while in the former the child has lived with the arrangement and can have a more informed basis for his or her preference.
Nevertheless, unless the child's preference to change the custodial parent is based on reasons suggesting that the change is in the child's best interest, it should neither constitute a sufficient change in circumstances nor meet the child's best interest standard to justify a change. A child's preference does not necessarily justify a change of custody. But, under the right circumstances, it might. For example, in McDonough v. Murphy, 539 N.W.2d 313 (N.D.1995), a case in which the custodial mother planned a move to Arizona, the court upheld a change in custody because the trial court found "it is in the best interest of Shaun's mental and psychological stability that the change of custody be granted." This finding was based on *1203 expert testimony that Shaun "started doing some things that were quite out of character for him ... he had tried to run away from home on two occasions ... he was not getting his emotional needs met."
We do not know what the testimony was in this case because appellant did not present a transcript. When we asked for supplemental filing, we were advised that appellant had made a considered decision not to order a court reporter. It is true, as urged by appellant, that at the initial hearing on the father's motion to change custody, the court denied the change, finding that the child was an honor student, happily living with the mother, and that the change in custody would not be in the child's best interest. But the child did not testify at the first hearing and thus was unable to refute the mother's testimony. It was only on rehearing, after the child was given the opportunity to testify that she would prefer to live with the father, that the court ordered the change of custody.
We recognize that the child's preference alone cannot support a change of custody. See Schweinberg v. Click, 627 So.2d 548 (Fla. 5th DCA 1993); Heatherington v. Heatherington, 677 So.2d 1312 (Fla. 2d DCA 1996). However, a child's desire to change, coupled with evidence that denying the change would result in harm to the child, is a basis for changing custody. Such evidence may well have been presented in this case. Because appellant has not presented us with either a transcript or a stipulated statement, even after having been given the opportunity to do so, we accept the trial judge's conclusion that the facts warranted a change in custody.
AFFIRMED.
GRIFFIN, C.J., concurs.
ANTOON, J., concurs in result only.